The People of the State of Illinois, Plaintiff-Appellee, v. Bobby E. Walls, Defendant-Appellant.

Gen. No. 66–74.

Third District.

July 8, 1968.

Jack A. Brunnenmeyer, of Peoria, for appellant.

George R. Kennedy, State's Attorney of Peoria County, of Peoria, for appellee.

STOUDER, J.

Defendant was tried in the Circuit Court of Peoria County for the crime of armed robbery. A jury found him guilty and he was sentenced to a term of ten to fifteen years in the penitentiary.

Defendant was identified by witnesses who picked him out of a lineup and these witnesses later made an in-court identification. After the lineup defendant signed a purported confession which was admitted at the trial over objection by defense counsel. The impaneling of the jury in the instant case started on June 13, 1966, opening statements for the State were made on June 14 and the first witness was sworn for the State. At this point counsel for defendant called to the attention of the trial court, the fact that the Supreme Court had on June 13, 1966, decided Miranda v. Arizona, 384 US 436, 16 L Ed 2d 694, in which the now famous Miranda warnings were promulgated. Defendant's confession had been signed without defense counsel being present and the evidence is conflicting as to what, if any, warnings were given defendant and whether defendant requested and was refused counsel. The trial court ultimately held that Miranda did not apply and the confession was admitted.

The evidence as to defendant's activities and conduct on the night of the crime in question is also in conflict.

Defendant assigns as error the admission of his confession without positive showing that the Miranda warnings had been given, the introduction of evidence as to a stolen automobile without showing its connection to the offense charged and that the evidence established a serious doubt as to defendant's guilt.

■ We are called upon to decide whether the Miranda decision applies to the instant trial. Defendant does not contend that there was any violation of due process under decisions prior to Miranda but only that the Miranda requirements were not met. Johnson v. New Jersey, 384 US 719, 16 L Ed2d 882, specifically held that the Miranda decision should not be retroactive but should apply ". . . only to persons whose trials had not begun as of June 13, 1966." This trial had begun as of June 13, 1966. The overriding consideration of the Supreme Court in the Johnson decision was that law enforcement agencies not be unduly hampered by the terms of the Miranda decision. This concern can only be effectuated by holding that Miranda does not apply to the instant case. See People v. Worley, 37 Ill2d 439, 227 NE2d 746.

■ We are likewise not disposed to hold that the admission of testimony concerning the stolen car was error. The car was a link in the circumstances relating to the offense with which defendant was charged and tended to support the identity of defendant. In addition it should be noted that the stolen car was mentioned in defendant's alibi as well as his confession.

■■ We are not disposed to say as a matter of law that the evidence in the instant case establishes any serious doubt as to defendant's guilt. Defendant testified to an alibi, other witnesses testified to his presence and participation in the offense charged. It was for the trier of fact to decide which evidence to believe and this

was done under adequate instruction on the issue of reasonable doubt.

Finding no error in the judgment of the Circuit Court of Peoria County the judgment is affirmed.

Judgment affirmed.

ALLOY, P. J. and SCHEINEMAN, J., concur.